UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
EVANSTON INSURANCE COMPANY,                                Docket No.:

                        Plaintiff,

      -against-                                                **COMPLAINT**
                                                                     **WITH JURY DEMAND**
BURLINGTON INSURANCE COMPANY,

                        Defendant.
-----------------------------------------------------------------------------X

Plaintiff, EVANSTON INSURANCE COMPANY, as successor by merger to Alterra Excess & Surplus Insurance Company ("EVANSTON"), by its attorneys, CULLEN AND DYKMAN LLP, as and for its Complaint, respectfully alleges the following, upon information and belief:

## THE PARTIES

1. At all times hereinafter mentioned, EVANSTON was and remains a foreign company authorized to do insurance business in the State of New York.

2. At all times hereinafter mentioned, Defendant, BURLINGTON INSURANCE COMPANY ("BURLINGTON"), was and remains a foreign company authorized to do insurance business in the State of New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

{01239215.DOC}

5. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant, BURLINGTON.

6. Plaintiff has no adequate remedy at law.

## THE UNDERLYING ACTION

7. On or about March 30, 2018, Russell Murray filed an amended complaint against Waverly Iron Corp. ("Waverly") and Construction Consultants/L.I. Inc. ("CCLI"), in the Supreme Court of the State of New York, Suffolk County, Index No. 002337/2016 (the "underlying *Murray* action"). A true and correct copy of the Amended Verified Complaint is annexed hereto as **Exhibit A**.

8. Mr. Murray sought to recover damages for personal injuries sustained by him on or about December 22, 2014 at a project located at 100 Greene Avenue, Sayville, New York (hereinafter the "project"). Specifically, Mr. Murray, an ironworker, alleged that he was caused to sustain serious injuries as he was installing bar joists and roof decking when the unsecured bar joists shifted, which caused him to lose his balance and fall off the roof and/or block wall located at the rear extension of the subject project. Mr. Murray alleged that his injuries resulted because of the defendants' negligence and Labor Law violations in allowing a dangerous, hazardous and defective condition to exist where Mr. Murray was working and in failing to provide Mr. Murray with a safe place to work at the subject project. See **Exhibit A**.

9. Mr. Murray alleged that he was injured during the course and scope of his employment as an ironworker with MedSteel Construction LLC ("MedSteel"). It was undisputed that Mr. Murray was injured during the course and scope of his employment with Medsteel and MedSteel controlled the means and methods of the work Mr. Murray was performing at the time of his alleged accident. See **Exhibit A**.

10. CCLI impleaded Waverly seeking contractual and common law indemnification and contribution as it pertains to injuries sustained by Mr. Murray.

{01239215.DOC}- 2 -

11. Mr. Murray filed an Amended Verified Complaint asserting direct claims against Waverly. Mr. Murray alleged that his injuries resulted because of the Waverly's negligence and Labor Law violations.

12. CCLI was granted summary judgment on its contractual indemnity claim against Waverly in the underlying personal injury *Murray* action.

## THE POLICIES

13. Prior to December 22, 2014, BURLINGTON issued and delivered a commercial general liability insurance policy no. HGL0040106 to Waverly as named insured with limits of $1,000,000 per occurrence (the "Waverly-Burlington Policy"). A copy of the Waverly-Burlington Policy is annexed as **Exhibit B**.

14. Prior to December 22, 2014, BURLINGTON issued and delivered a commercial general liability insurance policy no. HGL0039671 to MedSteel as named insured with limits of $1,000,000 per occurrence (the "MedSteel-Burlington Policy"). A copy of the MedSteel-Burlington Policy is annexed as **Exhibit C**.

15. Prior to December 22, 2014, EVANSTON issued and delivered an excess commercial general liability insurance policy no. MAX3EC50000660 to Waverly and MedSteel as named insureds with limits of $5,000,000 per occurrence (the "EVANSTON Excess Policy"). A copy of the EVANSTON Excess Policy is annexed as **Exhibit D**.

16. The Waverly-Burlington Policy and the MedSteel-Burlington Policy are both scheduled underlying policies of insurance on the EVANSTON Excess policy.

17. The EVANSTON Excess Policy is excess over both the Waverly-Burlington and the MedSteel-Burlington primary policies issued to Waverly and MedSteel, respectively.

18. CCLI was an additional insured by virtue of endorsement on the Waverly-Burlington Policy and MedSteel-Burlington Policy.

19. Coverage afforded to CCLI as an additional insured on the Waverly-Burlington Policy and MedSteel-Burlington Policy was primary and non-contributory to any policy on which CCLI was a named insured.

20. The MedSteel-Burlington policy afforded additional insured coverage to Waverly on a primary and non-contributory basis to the Waverly-Burlington policy on which Waverly is a named insured.

21. The EVANSTON Excess Policy is not triggered until the per occurrence policy limits of the Waverly-Burlington and the MedSteel-Burlington policies were fully exhausted.

22. EVANSTON's obligation to indemnify CCLI and/or Waverly under the EVANSTON Excess Policy is not triggered until the $1,000,000 per occurrence limits of the Waverly-Burlington and the $1,000,000 per occurrence limits of the MedSteel-Burlington policies were fully exhausted.

### THE UNDERLYING DEFENSE AND SETTLEMENT

23. Pursuant to the terms and conditions of the MedSteel-Burlington Policy, BURLINGTON assumed full control of the defense of Waverly in the underlying *Murray* action.

24. Pursuant to the terms and conditions of the MedSteel-Burlington Policy, BURLINGTON retained counsel to represent and defend Waverly in the underlying *Murray* action.

25. Pursuant to the terms and conditions of the MedSteel-Burlington Policy, BURLINGTON maintained full and complete control of the defense of Waverly from the inception to the conclusion of the underlying *Murray* action.

26. As early as February 2017 and regularly thereafter, Waverly's defense counsel consistently and repeatedly reported to BURLINGTON that the existing facts, testimony and expert findings made it clear that Mr. Murray would succeed on his Labor Law §240(1) claim against CCLI and Waverly and recover interest at 9% per annum.

27. In February 2017, Waverly's defense counsel reported to BURLINGTON that Mr. Murray's claims had a settlement value of $300,000 and verdict value of no more than $550,000.

28. Later in February 2017, Waverly's defense counsel reported to BURLINGTON that Mr. Murray's counsel had made a settlement demand of $1,500,000 that was subject to further negotiation at mediation.

29. In August 2017, Waverly's defense counsel reiterated to BURLINGTON that Mr. Murray's claims had a settlement value of $300,000 and verdict value of no more than $550,000.

30. In October 2017, Waverly's defense counsel reported to BURLINGTON that Mr. Murray's claims had a settlement value of $350,000 and verdict value of $550,000.

31. In December 2017, Waverly's defense counsel reported to BURLINGTON that Mr. Murray's claims had a settlement value of $600,000 and verdict value of no more than $1,400,000.

32. On or before May 2018, Mr. Murray filed a motion for summary judgment on the issue of liability under the Labor Law §240(1) cause of action.

33. In June 2018, Waverly's defense counsel reported to BURLINGTON that Mr. Murray's claims had a settlement value of no more than $1,350,000.

34. Despite increasing in value, Waverly's defense counsel consistently and repeatedly reported to BURLINGTON that Mr. Murray's claims had a settlement value of no more than $1,350,000.

35. In July 2018, a settlement mediation in the *Murray* action was held.

36. During the mediation, and despite the mediator advising that the action could be settled in the area of about $850,000, BURLINGTON's final offer at mediation was $325,000.

37. Prior to a liability determination dated October 4, 2019 in favor of Mr. Murray on his Labor Law §240(1) cause of action against the defendants CCLI and Waverly,

BURLINGTON was aware that the underlying *Murray* action could settle for approximately $850,000.

38. Prior to a liability determination dated October 4, 2019 in favor of Mr. Murray on his Labor Law §240(1) cause of action against the defendants CCLI and Waverly, BURLINGTON was aware that the underlying *Murray* action could be settled within the per occurrence limits of the MedSteel-Burlington Policy.

39. Prior to a liability determination dated October 4, 2019 in favor of Mr. Murray on his Labor Law §240(1) cause of action against the defendants CCLI and Waverly, BURLINGTON was aware that the underlying *Murray* action could be settled within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies.

40. Pursuant to the Order of the Hon. William G. Ford dated October 4, 2019, Mr. Murray obtained summary judgment on his Labor Law 240(1) claim and entitling Mr. Murray to recover interest at 9% per annum from the date of that decision in 2017. Simultaneously, the court granted CCLI contractual indemnity against Waverly.

41. In May 2020, Waverly's defense counsel reported to BURLINGTON that Mr. Murray's claims had a settlement value of $1,000,000 and verdict value of no more than $1,300,000.

42. Waverly's defense counsel reported to BURLINGTON that at the May 2021 pre-trial conference Mr. Murray demanded $4,300,000 million to settle the underlying *Murray* action.

43. Waverly's defense counsel reported to BURLINGTON that at the July 2021 settlement conference Mr. Murray demanded $4,200,000 million and BURLINGTON made no offer to settle the underlying *Murray* action.

44. Despite Waverly's defense counsel's consistent and repeated liability evaluations and reporting to BURLINGTON of the existing facts, testimony and expert findings that Mr.

Murray would succeed on his Labor Law §240(1) claim against Waverly and recover interest at 9% per annum at the time of mediation and in subsequent negotiations, BURLINGTON failed to negotiate in good faith and failed to settle the underlying *Murray* action within the per occurrence limits of the MedSteel-Burlington Policy and Waverly-Burlington Policy when it had opportunities to do so.

45. In October 2021, Waverly's defense counsel reported to BURLINGTON that, based on the recent exchange of expert reports, a much higher sustainable jury verdict was more likely.

46. By correspondence dated January 3, 2022, BURLINGTON acknowledged its obligation to defend and indemnify Waverly as a contractual indemnitee of MedSteel under the MedSteel-Burlington Policy on a primary basis up to its $1 million primary policy limits with respect to the claims asserted in the underlying *Murray* action.

47. BURLINGTON refused to engage in meaningful negotiations with Mr. Murray and attempt to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies after the Court's decision granting Mr. Murray summary on its Labor Law §240(1) claim against Waverly and granting CCLI contractual indemnity against Waverly.

48. Moreover, at the time of trial, BURLINGTON refused to contribute any more to the settlement of the *Murray* action than the $1,000,000 limit of the MedSteel-Burlington policy.

49. In August 2022, the underlying *Murray* action settled for $2,500,000 with BURLINGTON contributing $1,000,000 under the MedSteel-Burlington Policy on behalf of Waverly and EVANSTON contributing the remaining $1,500,000 on behalf of Waverly.

50. BURLINGTON stipulated that the total settlement of the *Murray* action of $2,500,000 was reasonable.

51. BURLINGTON refused to contribute towards the settlement of the underlying *Murray* action under the Waverly-Burlington Policy for either CCLI or Waverly.

52. Due to BURLINGTON's refusal to engage in meaningful and good faith negotiations and attempt to settle the underlying *Murray* action and/or refusal to contribute towards the settlement of the underlying *Murray* action under the Waverly-Burlington Policy, EVANSTON agreed to contribute $1,500,000 to fund the settlement of the underlying *Murray* action above the $1,000,000 limits of the MedSteel-Burlington Policy.

53. The settlement of the *Murray* action was without prejudice to and with preservation of EVANSTON'S rights against BURLINGTON.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST BURLINGTON INSURANCE COMPANY (BREACH OF FIDUCIARY DUTY)

54. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "53" as though more fully set forth herein.

55. EVANSTON relied on the representations and recommendations of BURLINGTON and/or counsel retained by BURLINGTON to represent Waverly in the underlying *Murray* action.

56. BURLINGTON knew that EVANSTON relied on its representation in the defense of Waverly in the underlying *Murray* action.

57. By virtue of maintaining full and complete control of the defense of Waverly, BURLINGTON owed a fiduciary duty to any excess insurer, including but not limited to EVANSTON, in the handling of the defense of Waverly in the underlying *Murray* action.

58. BURLINGTON owed a fiduciary duty to EVANSTON to engage in meaningful negotiations with and settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies.

59. BURLINGTON's refusal to engage in meaningful negotiations with Mr. Murray and otherwise attempt to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies permitted Mr. Murray to increase the value of his claims against CCLI and Waverly and expose the EVANSTON Excess Policy limits.

60. BURLINGTON's refusal to engage in meaningful negotiations with Mr. Murray and settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies causing the EVANSTON Excess Policy to be exposed constituted a breach of BURLINGTON's fiduciary obligation.

61. BURLINGTON placed its own interests ahead of the interests of CCLI, Waverly and EVANSTON by refusing to contribute the $1,000,000 limits of the Waverly-Burlington Policy.

62. BURLINGTON's refusal to contribute the $1,000,000 limits of the Waverly-Burlington Policy was in breach of its duty to Waverly and exposed the EVANSTON Excess Policy limits.

63. BURLINGTON's refusal to contribute the $1,000,000 limits of the Waverly-Burlington Policy causing the EVANSTON Excess Policy to be exposed constituted a breach of BURLINGTON's fiduciary obligation.

64. BURLINGTON's refusal to engage in meaningful negotiations with Mr. Murray and attempt to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies and refusal to contribute the $1,000,000 limits of the Waverly-Burlington Policy in breach of BURLINGTON's fiduciary obligations caused EVANSTON to contribute $1,500,000 towards the settlement of the underlying *Murray* action to protect its insureds.

65. BURLINGTON is liable to EVANSTON for the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

66. BURLINGTON is liable to EVANSTON for extracontractual damages in the amount of $500,000 above the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

67. BURLINGTON is liable to EVANSTON for the full amount EVANSTON paid to settle the *Murray* action in the amount of $1,500,000 plus statutory interest from the date of its payment.

68. EVANSTON is entitled to damages and judgment against BURLINGTON in the amount of $1,500,000 plus statutory interest from the date of its payment to settle the underlying *Murray* action.

69. Plaintiff has no adequate remedy at law.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST BURLINGTON INSURANCE COMPANY (BAD FAITH)

70. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "69" and incorporates same herein by reference.

71. EVANSTON relied on the representations and recommendations of BURLINGTON and/or counsel retained by BURLINGTON to represent Waverly in the underlying *Murray* action.

72. BURLINGTON knew that EVANSTON relied on its representation in the defense of Waverly in the underlying *Murray* action.

73. By virtue of maintaining full and complete control of the defense of Waverly, BURLINGTON was obligated to act in good faith in its handling of the defense of Waverly in the underlying *Murray* action.

74. As EVANSTON was the excess insurer for Waverly, BURLINGTON owed EVANSTON an obligation to discharge its duty to Waverly in the underlying *Murray* action in good faith.

75. BURLINGTON owed EVANSTON an obligation to act in good faith by engaging in meaningful negotiations with Mr. Murray and settling the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies.

76. BURLINGTON's refusal to engage in meaningful good faith negotiations with Mr. Murray and otherwise attempt to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies permitted Mr. Murray to increase the value of his claims against CCLI and Waverly and expose the EVANSTON Excess Policy limits.

77. BURLINGTON's refusal to engage in meaningful good faith negotiations with Mr. Murray and settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies causing the EVANSTON Excess Policy to be exposed constituted a gross and deliberate disregard and/or reckless failure on the part of BURLINGTON to place EVANSTON's interests on par with the interests of BURLINGTON.

78. BURLINGTON's refusal to engage in meaningful good faith negotiations with Mr. Murray and settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies causing the EVANSTON Excess Policy to be exposed constituted a breach of BURLINGTON's duty to act in good faith.

79. BURLINGTON placed its own interests ahead of the interests of CCLI, Waverly and EVANSTON by refusing to contribute the $1,000,000 limits of the Waverly-Burlington Policy.

80. BURLINGTON's refusal to contribute the $1,000,000 limits of the Waverly-Burlington Policy exposed the EVANSTON Excess Policy limits.

81. BURLINGTON's refusal to contribute the $1,000,000 limits of the Waverly-Burlington Policy causing the EVANSTON Excess Policy to be exposed constituted a breach of BURLINGTON's duty to act in good faith.

82. BURLINGTON's refusal to engage in meaningful good faith negotiations with Mr. Murray and attempt to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies and refusal to contribute the $1,000,000 limits of the Waverly-Burlington Policy in breach of BURLINGTON's duty to act in good faith caused EVANSTON to contribute $1,500,000 towards the settlement of the underlying *Murray* action to protect its insureds.

83. BURLINGTON is liable to EVANSTON for the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

84. BURLINGTON is liable to EVANSTON for extracontractual damages in the amount of $500,000 above the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

85. BURLINGTON is liable to EVANSTON for the full amount EVANSTON paid to settle the *Murray* action in the amount of $1,500,000 plus statutory interest from the date of its payment.

86. EVANSTON is entitled to damages and judgment against BURLINGTON in the amount of $1,500,000 plus statutory interest from the date of its payment to settle the underlying *Murray* action.

87. Plaintiff has no adequate remedy at law.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST BURLINGTON INSURANCE COMPANY (UNJUST ENRICHMENT)

88. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "87" and incorporates same herein by reference.

89. As the Excess insurer for Waverly, BURLINGTON owed a legal duty to EVANSTON to not unfairly or unduly take advantage of EVANSTON or commit wrongful acts

in order to unjustly enrich itself at EVANSTON's expense or at the expense of EVANSTON's financial interests.

90. Due to BURLINGTON's refusal to engage in meaningful and good faith negotiations and attempt to settle the underlying *Murray* action and/or refusal to contribute towards the settlement of the underlying *Murray* action under the Waverly-Burlington Policy, EVANSTON agreed to contribute $1,500,000 to fund the settlement of the underlying *Murray* action above the $1,000,000 limits of the MedSteel-Burlington Policy.

91. In contributing $1,500,000 to fund the settlement of the underlying *Murray* action, BURLINGTON sustained a windfall due to EVANSTON discharging the duty that BURLINGTON owed to Waverly under the Waverly-Burlington Policy.

92. As a result of EVANSTON's discharge of BURLINGTON'S duty, BURLINGTON has been unjustly enriched at the expense of EVANSTON.

93. Such acts and omissions leading to the BURLINGTON's unjust enrichment were the actual and proximate cause of harm to EVANSTON.

94. BURLINGTON is liable to EVANSTON for the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

95. BURLINGTON is liable to EVANSTON for extracontractual damages in the amount of $500,000 above the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

96. BURLINGTON is liable to EVANSTON for the full amount EVANSTON paid to settle the underlying *Murray* action in the amount of $1,500,000 plus statutory interest from the date of its payment.

97. EVANSTON is entitled to damages and judgment against BURLINGTON in the amount of $1,500,000 plus statutory interest from the date of its payment to settle the underlying *Murray* action.

98. Plaintiff has no adequate remedy at law.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST BURLINGTON INSURANCE COMPANY (INDEMNIFICATION)

99. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "98" and incorporates same herein by reference.

100. As the Excess insurer for Waverly, BURLINGTON owed legal duty to indemnify EVANSTON by attempting to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies and contributing the $1,000,000 limits of the Waverly-Burlington Policy in order to avoid exposure of the EVANSTON Excess Policy.

101. Due to BURLINGTON's refusal to engage in meaningful and good faith negotiations and attempt to settle the underlying Murray action and/or refusal to contribute towards the settlement of the underlying *Murray* action under the Waverly-Burlington Policy, EVANSTON agreed to contribute $1,500,000 to fund the settlement of the underlying *Murray* action above the $1,000,000 limits of the MedSteel-Burlington Policy.

102. BURLINGTON breached its obligation to indemnify EVANSTON by permitting EVANSTON to discharge the duty that BURLINGTON owed to Waverly under the Waverly-Burlington Policy.

103. As a result of EVANSTON's discharge of BURLINGTON'S duty, BURLINGTON has breached its obligation to indemnify EVANSTON.

104. BURLINGTON is liable to EVANSTON for the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

105. BURLINGTON is liable to EVANSTON for extracontractual damages in the amount of $500,000 above the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

106. BURLINGTON is liable to EVANSTON for the full amount EVANSTON paid to settle the *Murray* action in the amount of $1,500,000 plus statutory interest from the date of its payment.

107. EVANSTON is entitled to damages and judgment against BURLINGTON in the amount of $1,500,000 plus statutory interest from the date of its payment to settle the underlying *Murray* action.

108. Plaintiff has no adequate remedy at law.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST BURLINGTON INSURANCE COMPANY (EQUITABLE CONTRIBUTION)

109. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "108" and incorporates same herein by reference.

110. As the Excess insurer for Waverly, BURLINGTON owed legal duty to settle the underlying *Murray* action within the per occurrence limits of the Waverly-Burlington and MedSteel-Burlington Policies and contributing the $1,000,000 limits of the Waverly-Burlington Policy in order to avoid exposure of the EVANSTON Excess Policy.

111. Due to BURLINGTON's refusal to engage in meaningful and good faith negotiations and attempt to settle the underlying Murray action and/or refusal to equitably contribute towards the settlement of the underlying *Murray* action under the Waverly-Burlington Policy, EVANSTON agreed to contribute $1,500,000 to fund the settlement of the underlying *Murray* action above the $1,000,000 limits of the MedSteel-Burlington Policy.

112. BURLINGTON permitted EVANSTON to discharge the duty that BURLINGTON owed to Waverly under the Waverly-Burlington Policy in excess of EVANSTON's degree or share of responsibility attributed to it.

113. As a result of EVANSTON's discharge of BURLINGTON'S duty, BURLINGTON breached its obligation to equitably contribute towards settlement of the underlying *Murray* action.

114. BURLINGTON is liable to EVANSTON for the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

115. BURLINGTON is liable to EVANSTON for extracontractual damages in the amount of $500,000 above the $1,000,000 limit of the Waverly-Burlington Policy plus statutory interest from the date of its payment.

116. BURLINGTON is liable to EVANSTON in equitable contribution of the full amount EVANSTON paid to settle the *Murray* action in the amount of $1,500,000 plus statutory interest from the date of its payment.

117. EVANSTON is entitled to damages and judgment against BURLINGTON in the amount of $1,500,000 plus statutory interest from the date of its payment to settle the underlying *Murray* action.

118. Plaintiff has no adequate remedy at law.

## JURY DEMAND

119. A jury trial is hereby demanded.

**WHEREFORE,** Plaintiff, EVANSTON, demands that it have a judgment herein against BURLINGTON in the amount of $1,500,000 plus statutory interest from the date of payment of the settlement of the underlying *Murray* action and a declaration the rights and other legal relations of the parties hereto in respect to the matters set forth in the Complaint and that the declaratory judgment shall specify the following:

   a. That Defendant, BURLINGTON, is obligated to pay EVANSTON damages in the amount of $1,500,000 plus statutory interest from the date of payment of the settlement in the underlying *Murray* action by virtue of BURLINGTON's breach of fiduciary obligations;

    b. That Defendant, BURLINGTON, is obligated to pay EVANSTON damages in the amount of $1,500,000 plus statutory interest from the date of payment of the settlement in the underlying *Murray* action by virtue of BURLINGTON's breach of obligation to act in good faith;

    c. That Defendant, BURLINGTON, is obligated to pay EVANSTON damages in the amount of $1,500,000 plus statutory interest from the date of payment of the settlement in the underlying *Murray* action by virtue of BURLINGTON's unjust enrichment;

    d. That Defendant, BURLINGTON, is obligated to indemnify EVANSTON for damages in the amount of $1,500,000 plus statutory interest from the date of payment of the settlement in the underlying *Murray* action by virtue of implied indemnity;

    e. That Defendant, BURLINGTON, is obligated to contribute towards the settlement of the underlying *Murray* action and pay EVANSTON $1,500,000 plus statutory interest from the date of payment of the settlement in the underlying *Murray* action;

    f. That the plaintiffs be awarded the costs and disbursements of this action.

    g. That the plaintiffs have such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
       February 22, 2023

                Yours, etc.,
                CULLEN AND DYKMAN LLP
                Attorneys for Plaintiff

By:  *Olivia M. Gross*
                Olivia M. Gross
                One Battery Park Plaza
                34th Plaza
                New York, New York 10004
                (212) 732-2000
                Our Ref No.: 5493.13

cc:    *Via Email: jim@adriancassidy.com*
       James Adrian, Esq.
       Adrian & Associates